**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| MARY M. RUBENSTEIN, | BANKRUPTCY NO. 24-13189-PMM |
| Debtor. | Hearing Date: February 19, 2025<br>Hearing Time: 1:00 p.m.<br>Hearing Place: Courtroom #1 |

**MOTION OF MONTGOMERY COUNTY TAX CLAIM BUREAU FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. SECTION 362 AND FOR IN REM RELIEF**

Montgomery County Tax Claim Bureau ("MCTCB"), by and through its undersigned counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby requests the entry of an Order for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) and in rem relief pursuant to 11 U.S.C. §362(d)(4) (the "Motion"), and in support thereof, states as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and/or 1409.

3. The statutory bases for the relief requested herein are 11 U.S.C. §§ 105, 361, and 362(d).

### II. BACKGROUND

4. Mary M. Rubenstein (the "Debtor") is an individual who owns real property located at 3032 Susquehanna Road, Upper Dublin, PA 19001, designated as Parcel No. 54-00-14989-00-5 (the "Property").

5. Prior to the Current Bankruptcy, the Debtor had filed three (3) prior bankruptcies:

a. On September 13, 2018, the Debtor filed a voluntary petition for relief under Chapter 13 of the of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"), Case No. 18-16099-mdc (the "First Bankruptcy"). The First Bankruptcy was dismissed on January 17, 2019, for failure to make plan payments.

b. On June 13, 2019, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court, Case No. 19-13824-mdc (the "Second Bankruptcy"). The Second Bankruptcy was dismissed on March 17, 2023, for failure to make plan payments.

c. On June 8, 2023, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court, Case No. 23-11687-pmm (the "Third Bankruptcy"). The Third Bankruptcy was dismissed on April 25, 2024, for failure to make plan payments.

d. On September 10, 2024, Debtor filed a voluntary petition for relief under Chapter 13 of the of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* in the above-captioned bankruptcy case (the "Current Bankruptcy").

6. Debtor's First Bankruptcy and her Current Bankruptcy were each filed days before a tax sale scheduled for the Property by MCTCB because the Debtor had failed to pay property taxes on the Property and the bankruptcy filings had the effect of staying the sales and removing the Property from the sale process, thereby affecting the Property.

7. Local real estate taxes on the Property are delinquent for the tax years 2021 through 2023 and total $10,279.65 as of September 15, 2024 (the "Delinquent Taxes"). A Statement of Taxes Due is attached hereto as Exhibit "A" and incorporated herein.

8. The Delinquent Taxes assessed against the Property are secured by virtue of first-position liens attaching to the Property pursuant to 53 P.S. § 7102. Also, MCTCB's claim continues to accrue statutory postpetiton interest at the rate of nine percent (9%) per annum and costs pursuant to 72 P.S. § 5860.306 and 11 U.S.C. § 506(b).

9. Pursuant to 72 P.S. §7102, MCTCB has perfected first-position liens on the Property for each unpaid tax year.

## III.    LEGAL ARGUMENT

### A.    MCTCB is Entitled to Relief From Stay "For Cause" Under 11 U.S.C. § 362(d)(1)

10. The automatic stay affords a debtor a breathing spell from its creditors; however, this breathing spell is not without limits. Section 362(d) of the Bankruptcy Code sets forth several independent and alternative means for obtaining relief from the automatic stay, any one of which is grounds for relief from the automatic stay. See Sun Valley Ranches, Inc. v. The Equitable Life Assurance Soc'y of the U.S. (In re Sun Valley Ranches, Inc.), 823 F.2d 1373, 1376 (9th Cir. 1987) (explaining that stay relief may be granted if any one provision of Section 362(d) applies). As set forth below, MCTCB is entitled to immediate relief from the automatic stay under Sections 362(d)(1) and (d)(4) of the Bankruptcy Code.

11. Section 362(d) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

  (1) for cause, including the lack of adequate protection of an interest property of such party in interest.

12. Although Section 362 of the Bankruptcy Code does not define "cause," it is generally determined based upon the totality of the circumstances of the case. See, e.g., <u>Baldino v. Wilson (In re Wilson)</u>, 116 F.3d 87, 90 (3d Cir. 1997).

13. "'Cause' is an intentionally broad and flexible concept which must be determined on a case-by-case basis." <u>In re Brown</u>, 311 B.R. 409, 412 (E.D. Pa. 2004); <u>see also In re Behanna</u>, 381 B.R. 631, 643 (Bankr. W.D. Pa. 2008) ("'[c]ause' . . . It is an intentionally broad and flexible concept that permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations.").

14. The Bankruptcy Court exercises its discretion when determining whether "cause" exists to lift the stay. <u>In re Fitzgerald</u>, 237 B.R. 252, 259 (Bankr. D. Conn. 1999). In determining whether cause exists for granting relief from the automatic stay, the Court should balance the interests of the movant in receiving relief from the automatic stay against the interests of the debtor in continuing to receive the stay's protection. <u>Sonnax Indus., Inc. v. Tri Component Prods. Corp., (In re Sonnax Indus., Inc.)</u>, 907 F.2d 1280, 1285 (2d Cir. 1990); <u>In re Colin</u>, 35 B.R. 904, 910-11 (Bankr. S.D.N.Y. 1983).

15. "In exercising its power to vacate or modify a stay, the court must consider the particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate." <u>In re Mego Int'l., Inc.</u>, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).

16. Under the proper circumstances, sufficient cause can be found based on a single factor. <u>In re Rexene Products</u>, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

17. In addition, "cause" exists to lift the automatic stay where a debtor fails to make regular payments to a creditor. See <u>In re Jones</u>, 284 B.R. 92, 98 (Bankr. E.D. Pa. 2002); <u>In re</u>

Watson, 286 B.R. 594 (Bankr. D.N.J. 2002); In re Independent Mgmt. Assocs., Inc., 108 B.R. 456, 464 (Bankr. D.N.J. 1989); In re James, 255 B.R. 837, 838 (Bankr. M.D. Tenn. 1999); In re Rocchio, 125 B.R. 345, 347 (Bankr. D.R.I. 1991).

18. Once a creditor has moved for relief from the automatic stay, "the burden is upon the debtors to prove the absence of cause for relief, and in addition to show that their plan for use of the collateral will 'adequately protect' [the secured party's] interest in the collateral. Debtors may not merely theorize that such protection might materialize." Phila. Consumer Discount Co. v. Commercial Credit Bus. Loans, Inc., 37 B.R. 946, 949 (E.D. Pa. 1984).

19. Adequate protection alone is insufficient to defeat a motion for relief from the stay unless it is "completely compensatory." Fid. Bond & Mortg. Co. v. Presock (In re Presock), 9 B.R. 676, 678 (Bankr. E.D. Pa. 1981) (quoting In re Murel Holding Corp., 75 F.2d 941, 942 (2d Cir. 1935) ("It is plain that 'adequate protection' must be completely compensatory . . . . [A] creditor . . . wishes to get his money or at least the property. We see no reason to suppose that the statute was intended to deprive him of that in the interest of junior holders unless by a substitute of the most indubitable equivalence.").

20. Where a debtor has failed to make multiple payments to a secured creditor and has filed a bankruptcy petition in order to prevent the creditor from obtaining or executing on a judgment, cause exists to lift the automatic stay. See, e.g., In re Presock, 9 B.R. at 678-79 ("As stated the mortgage is in default, debtors having failed to make any mortgage payments since the creation of the instrument. As a court of equity, the bankruptcy court must consider the impact of the stay on the parties and the balance of hurt in fashioning relief. The evidence leads this court to conclude that continuance of the stay will hurt the mortgage[e] much more than vacating of the stay will impair the rights of the debtor.") (Internal quotation and citations omitted.)

21. Similarly, relief from the automatic stay is warranted where a debtor has filed a petition in bad faith. In re Albany Partners, Ltd., 749 F.2d 670, 674-76 (11th Cir. 1984). In Albany Partners, the Court of Appeals for the Eleventh Circuit upheld a bankruptcy court's decision to annul the automatic stay based, among other things, on the debtor's bad faith in commencing his petition:

> In finding a lack of good faith, courts have emphasized an intent to abuse the judicial process and the purposes of the reorganization provisions. Particularly when there is no realistic possibility of an effective reorganization and it is evidence that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights, dismissal of the petition for lack of good faith is appropriate. . . . [W]e cannot say that the bankruptcy court abused its discretion by [annulling the automatic stay] in this case, particularly in light of the finding that the petition was not filed in good faith.

Id. at 674-75; see also In re Nelson, 66 B.R. 231, 235 (Bankr. D.N.J. 1986) ("a petition in bankruptcy is filed in bad faith when the relief sought by the filing is exclusively the operation of an automatic stay in order to prevent a foreclosure.").

22. Here, the Debtor has engaged in repeated bad faith filings, filing multiple petitions in September, in order to frustrate MCTBC's annual tax sale, without the intent or ability to pay what is owed to MCTBC.

23. The Debtor's subjective bad faith can be inferred from the timing of filings (multiple petitions mere days before a tax sale) and the fact that the amount owed to MCTCB has increased steadily through these bankruptcies.

24. The Debtor has been in bankruptcy almost continuously since the First Bankruptcy was filed in September of 2018. Over the last six (6) years, there have been fewer than eleven (11) total months in which Debtor did not have an active bankruptcy case.

25. For the foregoing reasons, MCTCB respectfully requests that this Court enter an Order granting MCTCB relief from the automatic stay for cause under Section 362(d)(1) in order to permit MCTCB to complete the tax sale of the property and take any and all other actions and exercise all other rights available to MCTCB as a secured creditor.

**B.      MCTCB is Entitled to Relief From Stay Under 11 U.S.C. § 362(d)(4)**

26. Section 362(d)(4) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> \*     \*     \*
>
> (4) with respect to a stay of an act against property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either –
>
> (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4)(B).

27. Here, the Debtor has filed four (4) bankruptcy cases as a part of a scheme to delay, hinder and otherwise prevent secured creditors such as MCTCB from exercising its state court rights to collect debts and/or enforce lien rights.

28. The Current Bankruptcy was filed, without schedules, only two weeks before tax sale at which the Property would have been sold.

29. In First Bankruptcy and Current Bankruptcy, the Property was scheduled for a tax sale.  It is clear from the timing of these bankruptcy petitions that the Debtor is engaged in a scheme to delay and/or hinder MCTCB in that each filing has the effect of staying the scheduled sale of the Property.

30. Given the Debtor's history of serial filing, an <u>in rem</u> order is necessary to ensure that the Debtor does not permit the Current Bankruptcy to fail, waiting to refile and obtain the temporary automatic stay again in September 2025.

31. For the foregoing reasons, MCTCB respectfully requests that this Court enter an Order granting MCTCB relief from the automatic stay for cause under Section 362(d)(4) of the Bankruptcy Code in order to permit MCTCB to complete the tax sale of the Property and take any and all other actions and exercise all other rights available to MCTCB as a secured creditor.

**C.    Waiver Of Stay Pursuant To Federal Rule of Bankruptcy Procedure 4001(A)(3)**

32. MCTCB respectfully requests that this Court waive the fourteen (14) day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) to enable it to immediately exercise its right to exercise any and all rights it may have under any and all applicable laws.

WHEREFORE, for the foregoing reasons, MCTCB respectfully requests that this Court enter an Order vacating the automatic stay of Section 362 of the Bankruptcy Code and granting in rem relief under Section 362(d)(4) to permit MCTCB to proceed in state court to exercise all its rights, remedies and privileges, waiving the fourteen (14) day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), and providing such other relief as this Court deems necessary and just.

Respectfully submitted,

Dated: January 31, 2025         By: */s/ Michael D. Vagnoni*
Michael D. Vagnoni, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West, Suite 3400
1500 Market Street
Philadelphia, PA 19102
(215) 665-3066 – Phone
(215) 665-3165 – Facsimile
Email: michael.vagnoni@obermayer.com